UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANNE SANNELLA,**

    **Plaintiff,**

**v.**                                               Case No: 8:25-cv-336-MSS-CPT

**OFFICER AMES,** *in her official and individual capacities*,
**HILLSBOROUGH COUNTY SHERIFF'S OFFICE, and SHERIFF CHAD CHRONISTER,** *in his individual and official capacities*,

    **Defendants.**

___

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendants Chad Chronister and Hillsborough County Sheriff's Office's Motion to Dismiss the Amended Complaint, (Dkt. 13), Plaintiff's response in opposition, (Dkt. 15), Defendant Connie Ames's Motion to Dismiss the Amended Complaint, (Dkt. 14), and Plaintiff's response in opposition. (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court finds both Motions are due to be **GRANTED**.

    **I.**     **BACKGROUND**

    On February 10, 2025, Plaintiff Anne Sannella filed her initial complaint against Defendants. (Dkt. 1) On February 28, 2025, Plaintiff filed an Amended Complaint (the "Complaint"). (Dkt. 12) In the Complaint, Plaintiff alleges she was involved in a

car accident on or about August 5, 2023. (Id. at ¶ 9) Following the accident, Plaintiff alleges law enforcement officers detained her and placed her in a patrol vehicle for nearly three hours in 100-degree weather without adequate ventilation or access to water. (Id. at ¶ 10) Then, Plaintiff alleges the officers transported her to a booking center where she was searched "in a manner that was aggressive and unnecessarily invasive." (Id. at ¶ 11) Plaintiff alleges that during the search, Defendant Ames "demanded" Plaintiff remove her earrings and that as she complied, one earring accidentally flew across the counter. (Id. at ¶ 12) In response, Defendant Ames allegedly slammed Plaintiff's head against the counter and began to handcuff Plaintiff. (Id. at ¶¶ 12–13) Defendant Ames then allegedly yanked Plaintiff's arms behind her at an unnatural and aggressive angle. (Id. at ¶ 13) Plaintiff allegedly "felt a 'pop' in her shoulder followed by excruciating pain." (Id.)

Plaintiff alleges that she repeatedly called out for medical attention for her excruciating pain, but Defendant Ames refused to provide care. (Id. at ¶ 14) While Plaintiff alleges Defendants denied Plaintiff medical treatment during her detention and while she awaited release after posting bond, she also alleges she was "eventually allowed access to medical staff," who gave her Tylenol. (Id. at ¶¶ 14–15) Following her release, Plaintiff alleges she was diagnosed with a torn bicep, which required surgery. (Id. at ¶ 16)

Additionally, Plaintiff alleges that while in the female detention area, she requested permission to wash her hands. (Id. at ¶ 17) Plaintiff alleges that an officer unlocked the restroom and permitted Plaintiff several minutes to wash her hands

unsupervised. (Id.) When the officer returned, she allegedly accused Plaintiff of being responsible for "pre-existing fecal matter in the restroom" and ordered Plaintiff to clean it. (Id. at ¶ 18) Plaintiff explained she was not responsible for the fecal matter and refused to clean it. (Id.) In response, the officer allegedly threw Plaintiff against a wall approximately five feet away, handcuffed Plaintiff, and dragged her to a cell. (Id. at ¶ 19) Plaintiff alleges this incident exacerbated Plaintiff's shoulder injury. (Id.)

Plaintiff alleges generally that Defendants acted with deliberate indifference to Plaintiff's evident pain and injuries. (Id. at ¶ 20)

In support of her claim that Defendants Chronister and Hillsborough County Sheriff's Office are liable for a failure to train and supervise, Plaintiff alleges Defendants "developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of individuals . . . through negligent hiring, training, and supervision of its officers." (Id. at ¶ 34) Plaintiff alleges the failures include: failing to adequately screen and vet prospective employees to ensure they were fit for law enforcement duties; failing to properly train officers on constitutional limits to the use of force, appropriate handling of detainees, and the provision of timely medical care; failing to supervise officers to ensure compliance with constitutional mandates; and failing to discipline officers who engaged in misconduct, thereby creating an environment where excessive force and deliberate indifference were tolerated and condoned. (Id. at ¶ 35) Plaintiff alleges that these failures resulted in Defendant Ames's misconduct. (Id. at ¶ 37)

Defendants move to dismiss the Complaint. (Dkts. 13, 14) All Defendants argue

that the Complaint should be dismissed because it is a shotgun pleading. Defendants also all argue Plaintiff's claims for violation of the Florida Constitution fail because no such cause of action exists. In their joint motion to dismiss, Defendants Chronister and Hillsborough County Sheriff's Office argue the Hillsborough County Sheriff's Office is not a proper party. Defendants Chronister and Hillsborough County Sheriff's Office also argue Plaintiff fails to plead a plausible basis for her negligent hiring, training, and supervision claims under 42 U.S.C. § 1983. Finally, Defendants Chronister and Hillsborough County Sheriff's Office argue that Plaintiff fails to state a claim against Defendant Chronister in his individual capacity. In Defendant Ames's Motion to Dismiss, Defendant Ames argues Plaintiff fails to plausibly plead an Eighth Amendment claim.

## II.  LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A

Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

### III. DISCUSSION

Plaintiff's Complaint is due to be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as a shotgun pleading under Federal Rules of Civil Procedure 8(a)(2) and 10(b) for the reasons set forth below.

#### a. Plaintiff's Claims for Violation of the Florida Constitution Are Dismissed.

Plaintiff's claims for violation of the Florida Constitution are due to be dismissed because Plaintiff fails to identify a private cause of action for money damages to redress a violation of the Florida Constitution's guarantees of equal protection and due process. See Youngblood v. Florida, No. 01-cv-1449, 2005 WL 8159645, at *5–6 (M.D. Fla. Mar. 17, 2005); Garcia v. Reyes, 697 So. 2d 549, 551 (Fla. 4th DCA 1997). Importantly, Plaintiff does not seek an injunction or a declaratory judgment in this action. The Court is aware of no statute authorizing an individual to recover money damages for a violation of Article I, Sections 2 and 9 of the Florida Constitution, and Plaintiff pleads none. Thus, Count VII of the Complaint is **DISMISSED**.

### b. Plaintiff's Claims Against Defendant Hillsborough County Sheriff's Office Are Dismissed.

Plaintiff's claims against Defendant Hillsborough County Sheriff's Office must be dismissed because a sheriff's office cannot be sued. "Florida law provides that police departments lack 'the capacity to sue and be sued.'" See Turner v. Homestead Police Dep't, 828 F. App'x 541, 544 (11th Cir. 2020) (citing Fla. City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995));[1] Mann v. Hillsborough Cnty. Sheriff's Office, 946 F. Supp. 962, 970 (M.D. Fla. 1996). Thus, the Complaint is **DISMISSED** as to the Hillsborough County Sheriff's Office.

### c. Plaintiff's Individual and Official Capacity Claims Against Defendant Chronister Are Dismissed.

Plaintiff fails to plead sufficient facts to support a claim against Defendant Chronister in his individual capacity. When sued in their individual capacity, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. (citations omitted). "The necessary causal connection

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Id. (citing Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). Alternatively, a plaintiff may establish a causal connection when a supervisor's custom or policy results in deliberate indifference to constitutional rights. Id. (citing Gonzalez, 325 F.3d at 1234).

Plaintiff pleads no facts to establish that Defendant Chronister participated in the alleged unconstitutional conduct or that his conduct caused the alleged constitutional deprivation. Thus, Plaintiff's claims against Defendant Chronister in his individual capacity are **DISMISSED**.

Plaintiff's claims against Defendant Chronister in his official capacity are due to be dismissed because Plaintiff fails to plausibly plead facts that support a claim that the constitutional deprivation resulted from a custom, policy, or practice of the municipality. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). The claims against Defendant Chronister in his official capacity are in effect claims against Hillsborough County. Barnett v. MacArthur, 956 F.3d 1291, 1296 (11th Cir. 2020) (citations omitted). A municipality may be liable under § 1983 when one of its customs, practices, or policies causes a constitutional injury. Id. (citing Monell, 436 U.S. at 690).

Plaintiff fails to allege specific facts about any policies that Plaintiff claims resulted in Defendant Ames's alleged misconduct. Boilerplate language alleging a failure to properly train officers against the use of excessive force is not sufficient. Thus,

7

Plaintiff fails to plausibly plead Hillsborough County's liability under Monell. Plaintiff's claims against Defendant Chronister in his official capacity are **DISMISSED**.

### d. Plaintiff's Eighth Amendment and Fourteenth Amendment Claim are to be Analyzed Under the Substantive Due Process Clause of the Fourteenth Amendment.

The alleged facts do not implicate rights protected by the Eighth Amendment but do implicate the Fourteenth Amendment. The Eighth Amendment "applies only after a citizen has been convicted of a crime." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015); Keith v. DeKalb Cnty., 749 F.3d 1034, 1044 n.1 (11th Cir. 2014) (citations omitted) ("Because Cook was a pretrial detainee who had not been convicted of the crime with which he was charged, the Eighth Amendment does not apply. . . . Instead, [his] claim is properly analyzed under the Substantive Due Process Clause of the Fourteenth Amendment."). Here, Plaintiff alleges that at the time of Defendant Ames's alleged brutality, she was a pretrial detainee. However, Plaintiff correctly notes that the Eighth Amendment is applicable to pretrial detainees through the Fourteenth Amendment. "[T]he due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner," City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983), and the minimum standard for providing medical care is the same under both the Eighth and Fourteenth Amendment. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). As the Eleventh Circuit has aptly stated, "it makes no difference whether [Plaintiff] was a pretrial detainee or a convicted prisoner because

the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving. . . pretrial detainees." Keith, 749 F.3d at 1045. As such, Defendant Ames' argument regarding Plaintiff's inability to assert a deliberate indifference claim fails. However, the claim itself is not adequately pleaded, as discussed below, and is due to be **DISMISSED**.

### i. Plaintiff's Deliberate Indifference Claim is Dismissed.

Pleading a claim of deliberate indifference requires the Plaintiff to plead facts sufficient to establish "that [s]he suffered a deprivation that was objectively, sufficiently serious" and "that the defendant acted with subjective recklessness as used in the criminal law." Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (clarifying the previously inconsistent standard of deliberate indifference in Eleventh Circuit jurisprudence). To satisfy subjective recklessness,

> the plaintiff must establish that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff. But even if the defendant actually knew of a substantial risk to inmate health or safety, he cannot be found liable under the Cruel and Unusual Punishments Clause if he responded reasonably to the risk.

Donald v. Norris, 131 F.4th 1255, 1266 (11th Cir. 2025) (citing Wade, 106 F.4th at 1262); Stalley v. Cumbie, 124 F.4th 1273, 1283-84 (11th Cir. 2024). Plaintiff's Complaint does not sufficiently allege facts that state a plausible claim for deliberate indifference.

Plaintiff alleges that Defendant Ames caused her serious harm, but she does not allege that Defendant Ames was subjectively aware of the harm or the substantial risk

of harm she caused. Nor does the Plaintiff allege that Defendant Ames responded unreasonably to the substantial risk of which she was aware. While the alleged conduct is serious, under Wade, a defendant is only liable for a violation of the Eighth Amendment if the defendant knew of the substantial risk of harm and did not respond reasonably to the risk caused. 106 F.4th at 1262.

Plaintiff alleges that Defendant Ames referred Plaintiff to medical, and medical staff prescribed Tylenol for Plaintiff's pain (Dkt. 12 at ¶¶ 15, 29) There are no allegations that Defendant Ames was unreasonable in this course of action. Nor is there an allegation that Defendant Ames knew that her conduct had torn Plaintiff's bicep, which Plaintiff alleges was not diagnosed until after Plaintiff was released from custody.  As such, Plaintiff has not sufficiently pleaded a violation of Plaintiff's Fourteenth Amendment rights by "deliberate indifference to [the] serious medical needs of [a] [pretrial detainee]," Estelle v. Gamble, 429 U.S. 97, 104 (1976), under prevailing Eleventh Circuit precedent. Count II of the Complaint is due to be **DISMISSED**.

### e. Plaintiff's Complaint is Dismissed as a Shotgun Pleading

The Complaint also warrants dismissal as a shotgun pleading. "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" Weiland v. Palm Beach Cnty., Sheriff's Office, 792 F.3d 1313, 1325 (11th Cir. 2015). One category of shotgun pleadings is that which "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to

10

carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. While the Complaint is sufficiently pleaded to provide Defendants notice of the facts that Plaintiff claims support her claims for relief, Plaintiff violates the rule against shotgun pleadings by incorporating all proceeding paragraphs as fully set forth in all six counts. (Dkt. 12 at ¶¶ 26, 33, 45, 51, 56) Because the Complaint is due to be dismissed to address the substantive issues set forth above, the Complaint is also **DISMISSED** with leave to correct this technical defect.

### IV. CONCLUSION

Upon consideration of the foregoing, the Court hereby **ORDERS** as follows:

1. Defendants Chad Chronister and Hillsborough County Sheriff's Office's Motion to Dismiss the Amended Complaint, (Dkt. 13), is **GRANTED.**

2. Defendant Connie Ames's Motion to Dismiss the Amended Complaint, (Dkt. 14), is **GRANTED.**

3. Plaintiff may file an Amended Complaint realleging all claims against Defendant Ames, including deliberate indifference, **WITHIN TWENTY-ONE (21) DAYS**, if Plaintiff has a good faith basis to do so consistent with Fed. Rule. Civ. P. 11.

4. Plaintiff is further **DIRECTED** to cure any pleading defect under Rules 8(a)(2) and 10(b) prior to filing an Amended Complaint.

5. The **CLERK** is **DIRECTED** to terminate Defendants Chad Chronister and Hillsborough County Sheriff's Office.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of September 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person